# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DWAYNE ALMOND,

    Plaintiff,

    v.                                                          Case No. 07-C-127

STATE OF WISCONSIN, WILLIAM J. POLLARD,
JIM DOYLE, and MATTHEW J. FRANK,

    Defendants.

## DECISION AND ORDER

    Plaintiff Dwayne Almond, a Wisconsin state prisoner, lodged a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

    The plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust

account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

& Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

The plaintiff is incarcerated at Green Bay Correctional Institution (GBCI). The defendants are: State of Wisconsin; GBCI Warden William J. Pollard; State of Wisconsin Governor Jim Doyle; and Wisconsin Department of Corrections Secretary Matthew J.

Frank.

The complaint allegations are not entirely clear. According to the complaint, on December 27, 2006, "CO II Flumer gave me the 'stamped-going-out-mail.'" (Complaint at 5.) It appears that the plaintiff was given a piece of out-going mail that he had attempted to send out but that never left GBCI. The plaintiff further states that GBCI has "been playing these kinds of games on me all the time they went in my out-going mail to the courts and took things out that would help me win, that's what they do to stop inmates from win against the Department of Correctional [sic]." Id. at 6 (internal quotations omitted). The plaintiff does not request any specific relief.

Prisoners have a limited liberty interest in their mail under the First and Fourteenth Amendments. Procunier v. Martinez, 416 U.S. 396, 413-14 (1974), overruled on other grounds by, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). The inspection of personal mail for contraband is a legitimate prison practice, justified by the important governmental interest in prison security. Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir. 1986). Further interference with an inmate's personal mail must be reasonably related to legitimate prison interests in security and order. Turner v. Safely, 482 U.S. 78, 89 (1987).

Prisoners have a First Amendment right to be free from certain interference with their "legal" mail. Wolff v. McDonnell, 418 U.S. 539, 577 (1974); see also Turner v. Safley, 482 U.S. 78, 84 (1987); Kaufman v. McCaughtry, 419 F.3d 678, 685-86 (7th Cir. 2005). Therefore, prison officials may only inspect, not read, certain types of legal mail in the presence of the inmate. Wolff, 418 U.S. at 577; Bach v. People of State of Ill., 504 F.2d 1100, 1102 (7th Cir. 1974). For example, correspondence between an inmate and an attorney is deemed confidential and, therefore, must be opened in the presence of the

- 4 -

inmate. Wolff, 418 U.S. at 577. Repeated instances of a prisoner's legal mail being opened by prison officials outside of his presence are actionable. See Antonelli v. Sheahan, 81 F.3d 1422, 1431-32 (7th Cir. 1996) (allegations that legal mail was repeatedly opened and sometimes stolen stated First Amendment claim); Castillo v. Cook County Mail Room Dep't, 990 F.2d 304, 307 (7th Cir. 1993) (allegations that two letters addressed to the plaintiff from the United States District Court and one from the Department of Justice which was marked "LEGAL MAIL-OPEN IN PRESENCE OF INMATE," were opened outside the presence of the plaintiff were neither legally nor factually frivolous).

It appears that the plaintiff wishes to pursue a claim based on allegations that his mail was not sent out of GBCI. However, the plaintiff does not provide sufficient information to allow the court to determine which of the named defendants were personally involved in the alleged deprivations. Indeed, none of the defendants are mentioned at all in the body of the complaint.

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. Id.

If the plaintiff wants to proceed on his First Amendment mail claim, he must file an amended complaint identifying the defendants who he asserts caused the alleged constitutional violation. Such amended complaint must be filed on or before **May 21, 2007**. Failure to file an amended complaint within this time period may result in dismissal of these

claims.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." Id. (citations omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Otherwise, the court will screen the original pleading.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **May 21, 2007**, the plaintiff shall file an amended complaint curing the defects in the original complaint as described herein.

Dated at Milwaukee, Wisconsin this 25th day of April, 2007.

BY THE COURT:

    s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge