# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DWAYNE ALMOND

        Plaintiff,

v.                                                  Case No. 07-C-127

WILLIAM J. POLLARD, et al.,

        Defendants.

## ORDER DISMISSING CASE

On February 7, plaintiff, a prisoner at Green Bay Correctional Institution, filed this § 1983 action against several state defendants. Magistrate Judge Gorence screened the case pursuant to 28 U.S.C. § 1915 and allowed it to proceed on the claim that the plaintiff's mail was tampered with. The judge also allowed the plaintiff to proceed *in forma pauperis,* as he had no funds in his prison trust account.

Following a refusal of consent to the jurisdiction of the magistrate judge, the case was randomly reassigned to this court. Defendants have now moved to dismiss on the basis that the plaintiff has already incurred three "strikes" under 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The affidavit of Linda Bredeson, a DOJ paralegal, makes clear that the plaintiff has already had three actions dismissed for failure to state a claim. Indeed, in the third such dismissal, Judge

Crabb explicitly informed the plaintiff that he had now incurred three strikes. The cases brought by the plaintiff and dismissed by Judge Crabb alleged such things as being served moldy bread on one occasion; suffering a smelly cell due to the activities of other inmates; and the denial of a legal loan. (Bredeson Aff., Ex. 1.) His present claim alleges that his mail was tampered with by GBCI officials, even though the very records submitted along with his complaint demonstrate that the letter was actually processed and delivery was attempted by the Postal Service. These are nuisance lawsuits, and § 1915(g) rightly bars the plaintiff from bringing any more of them without paying the full filing fee. Accordingly, because the plaintiff has incurred three strikes, the motion to dismiss is granted and the complaint is dismissed.

      **SO ORDERED** this __21st__ day of August, 2007.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge